T.C. Memo. 2003-119

UNITED STATES TAX COURT

BRIAN HILVETY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2568-02.                    Filed April 28, 2003.

Brian Hilvety, pro se.

<u>Kathleen C. Schlenzig</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciency in, and additions to, petitioner's Federal income tax
(tax):[1]

---

[1]Respondent also determined interest on the amounts of those
items as provided by law.

| | | Additions to tax | | |
|------|------------|-------------------------|--------------------|----------------|
| Year | Deficiency | Sec. 6651(a)(1)[2] | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1997 | $3,088 | $694.35 | $570.91 | $166.23 |

The issues remaining for decision are:[3]

(1)  Does petitioner have unreported wage income for his taxable year 1997?  We hold that he does.

(2)  Is petitioner liable for his taxable year 1997 for an addition to tax under section 6651(a)(1)?  We hold that he is.

(3)  Is petitioner liable for his taxable year 1997 for an addition to tax under section 6654(a)?  We hold that he is.

### Background

Some of the facts have been stipulated and are so found.

Petitioner had a mailing address in Moweaqua, Illinois, at the time he filed the petition.

During 1997, R.W.P. Enterprises, Inc., d/b/a Rat's Whole Place, paid petitioner wages of $11,130.  That company withheld from those wages FICA tax and Medicare tax of $690 and $161, respectively.

During 1997, Trading Specialties International, Inc., paid petitioner wages of $15,522.  That company withheld from those

---

[2]All section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Respondent concedes that petitioner is not liable for his taxable year 1997 for an addition to tax under sec. 6651(a)(2). Respondent conceded in the parties' stipulation of facts that petitioner had prepaid credits in excess of those determined in the notice of deficiency (notice) issued to him for that year.

wages Federal income tax, FICA tax, and Medicare tax of $2, $962, and $225, respectively.

During 1997, World of Powersports, Inc., paid petitioner wages of $38. That company withheld from those wages FICA tax of $2.

During 1997, petitioner did not make any estimated tax payments to the Internal Revenue Service.

Petitioner did not file a tax return for his taxable year 1997.

On January 31, 2002, petitioner filed the petition in this case. The petition contains allegations, contentions, arguments, and questions that the Court finds to be frivolous and/or groundless.

On March 7, 2003, respondent submitted respondent's trial memorandum in this case. Attached to respondent's trial memorandum was a copy of a draft of a stipulation of facts proposed by petitioner (petitioner's proposed stipulation of facts) as well as petitioner's cover letter dated February 28, 2003, transmitting such proposed stipulation of facts to respondent's counsel (petitioner's February 28, 2003 transmittal letter).

In an Order dated March 10, 2003 (March 10, 2003 Order), the Court ordered respondent's trial memorandum, including the attachments thereto, to be filed as of the date of receipt by the Court. In that Order, the Court found that certain statements

and arguments set forth in petitioner's proposed stipulation of facts and petitioner's February 28, 2003 transmittal letter are frivolous and/or groundless.  In the March 10, 2003 Order, the Court reminded petitioner about section 6673(a) and admonished him that, in the event he continued to advance frivolous and/or groundless contentions and arguments, the Court would be inclined to impose a penalty not in excess of $25,000 on him under section 6673(a)(1).

On March 10, 2003, petitioner submitted petitioner's trial memorandum to the Court.  In an Order dated March 11, 2003 (March 11, 2003 Order), the Court ordered petitioner's trial memorandum to be filed as of the date of receipt by the Court.  In that Order, the Court found that petitioner's trial memorandum set forth issues, statements, contentions, and arguments that are frivolous and groundless.  In the Court's March 11, 2003 Order, the Court reminded petitioner about its March 10, 2003 Order and issued a second reminder to petitioner about section 6673(a) and a second admonition to him that, in the event he continued to advance frivolous and/or groundless statements, contentions, and arguments, the Court would be inclined to impose a penalty not in excess of $25,000 on him under section 6673(a)(1).

On March 24, 2003, at the call of this case from the calendar (calendar call) at the Court's trial session in Chicago, Illinois, the Court again reminded petitioner that, in the event

he advanced frivolous and/or groundless contentions and arguments at trial, the Court would impose a penalty on him under section 6673(a)(1).  The Court also advised petitioner at the calendar call that, in the event he advanced such types of contentions and arguments at trial, as opposed to presenting facts that are relevant to resolving the issues remaining in the instant case, the Court would probably not allow him to testify about such frivolous and/or groundless contentions and arguments.

On March 24, 2003, this case was called for trial.  Petitioner was the only witness.  The following colloquy took place between the Court and petitioner during petitioner's testimony:

> THE COURT:  * * * Mr. Hilvety, you may now testify to any facts that are relevant to resolving the determinations in the notice of deficiency that remain at issue in this case.
>
> THE WITNESS:  Well, the fact is that the notice of deficiency is deficient on its face because it has no section listed for the deficiency.
>
> THE COURT:  That's a legal argument.  I want any facts that you want to testify to that * * * [are] relevant to resolving the issues that remain in this case.
>
> THE WITNESS:  Well, the Internal Revenue Service is required to state what the tax is derived from under section 62--
>
> THE COURT:  That's an argument, and it's a frivolous argument, and I told you this morning and I'll tell you now.  I'll give you one more chance, and unless you're going to start testifying to facts that are relevant to resolving the issues in this case as opposed to making frivolous and/or groundless contentions and arguments, you will be excused from testifying altogether, and I will entertain a motion to dis-

miss for failure to properly prosecute this case.

Do you understand what I'm saying to you?

THE WITNESS:  Yes, I do.

THE COURT:  Okay.  Now, what facts that are relevant to resolving the issues that remain in this case do you want to testify about?

THE WITNESS:  In light * * * [of] what you've just said, I have nothing else.

On cross-examination, the following dialogue took place

between respondent's counsel and petitioner:

Q  Mr. Hilvety, you did not file a tax return for taxable year 1997, did you?

A  I could not find in the Internal Revenue Code anywhere where I was required by law, written by Congress, to file a return.

Q  Sir, did you or did you not file a tax return for 1997?

*       *       *       *       *       *       *

THE WITNESS:  No, I did not.

The Court did not order any posttrial briefs in this case.

Nonetheless, on March 26, 2003, petitioner submitted to the Court

a document that the Court had filed as petitioner's supplement to

petitioner's trial memorandum (petitioner's supplement).  Petitioner's supplement contains questions, statements, contentions,

and arguments that the Court finds to be frivolous and/or groundless.  Petitioner's supplement also argues for the first time

that respondent mailed the notice to him with respect to his

taxable year 1997 after the period of limitations prescribed by

section 6501 for that year had expired.

## Discussion

Petitioner has introduced no credible evidence with respect to any factual issue relevant to ascertaining whether the determinations in the notice are erroneous. We find that petitioner has the burden of proving that those determinations are wrong. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); sec. 7491(a).

Petitioner proffered no evidence and advanced no argument establishing that respondent's determination that he had wage income for 1997 totaling $26,690 is in error. Indeed, petitioner concedes in the parties' stipulation of facts in this case that he had that amount of wage income for that year.

Nor has petitioner proffered any evidence or advanced any argument establishing that respondent is wrong in determining that he is liable for his taxable year 1997 for additions to tax under sections 6651(a)(1) and 6654(a).[4]

We now turn to section 6673(a)(1), a provision that the Court brought to petitioner's attention several times both before and during the trial in this case. The Court specifically advised petitioner before and during trial that the questions,

---

[4]Petitioner conceded on cross-examination at trial and in petitioner's supplement to petitioner's trial memorandum that he did not file a return for his taxable year 1997. We conclude that respondent has satisfied respondent's burden of production under sec. 7491(c).

statements, contentions, and arguments that he was advancing in his trial memorandum and that he attempted to advance at trial were frivolous and/or groundless. Moreover, the Court reminded petitioner before and during trial about section 6673(a)(1) and admonished him that, in the event he continued to make frivolous and/or groundless statements, contentions, and arguments, the Court would be inclined to impose a penalty on him under that section. Nonetheless, petitioner persisted throughout the course of the proceedings in this case in advancing frivolous and/or groundless questions, statements, contentions, and arguments.

Section 6673(a)(1) authorizes the Court to impose a penalty in favor of the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer's position in a proceeding is frivolous and/or groundless or that the taxpayer institutes or maintains a proceeding in the Court primarily for delay.

On the instant record, we find that petitioner's position in this case is frivolous and/or groundless[5] and that he instituted and maintained this proceeding primarily for delay. Accordingly, we shall impose a penalty on petitioner under section 6673(a)(1) in the amount of $500.

---

[5]Although not pled in the petition, petitioner argues for the first time in petitioner's supplement to petitioner's trial memorandum that the period of limitations under sec. 6501 with respect to his taxable year 1997 has expired. That argument is groundless. Petitioner did not file a tax return for 1997. We hold that the period of limitations for that year has not expired. Sec. 6501(c)(3).

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing and respondent's concession,

<u>Decision will be entered under</u> <u>Rule 155</u>.